**JIN QING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0169–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

**34**

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Emily Anne Radford, Assistant Director, Molly L. DeBusschere, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jin Qing Chen, a native and citizen of the People's Republic of China, seeks review of a December 26, 2007, order of the BIA, affirming the February 7, 2006, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Qing Chen,* No. A98 595 884 (B.I.A. Dec. 26, 2007), *aff'g* No. A98 595 884 (Immig. Ct. N.Y. City Feb. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with an IJ's adverse credibility finding and supplements it with its own reasoning, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse

credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, regardless of whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A.2007).

We find that substantial evidence supports the agency's adverse credibility determination. The agency did not err in basing its finding on Chen's demeanor, where the IJ specifically noted that Chen appeared to be repeating lines from a script and made faces when she made mistakes in her testimony. The agency also reasonably relied on discrepancies in Chen's testimony where she twice mistakenly said she avoided a forced "abortion" instead of "IUD insertion." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (noting that particular deference is given to the trier of fact's assessment of credibility in light of demeanor).

The BIA also reasonably relied upon the State Department Report in the record in finding implausible Chen's testimony that the abortion certificate she submitted was evidence of a forced abortion. As the BIA noted, the State Department indicated that such certificates are generally issued to women who have undergone voluntary abortions to excuse their absence from work. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). While we find that the IJ misread the Country Report to find that a birth permit was not required in the Fujian Province for first births, remand is

not required on that basis. Given the proper grounds we have identified, we can "confidently predict" that the agency would reach the same decision absent the single error that was made. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Because substantial evidence supports the agency's adverse credibility determination, the agency's denial of Chen's application for asylum, withholding of removal, and relief under the CAT was not improper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims may fail because of an adverse credibility determination with respect to an asylum claim and all three claims are based on the same factual predicate).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.